**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4186**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL BRUCE DARCY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00012-MR-DLH-1)

_____

Submitted: March 14, 2011        Decided: March 30, 2011

_____

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, David A. Thorneloe, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Bruce Darcy was convicted by a jury of transporting a minor in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (West Supp. 2010), and travelling in interstate commerce with a minor for the purposes of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2324(b) (West Supp. 2010). The district court sentenced Darcy to 151 months of imprisonment, and he now appeals. Finding no error, we affirm.

Darcy argues that the court violated his Sixth Amendment right to counsel in denying his motion, made on the first day of trial, for a continuance to obtain new counsel. "We review for abuse of discretion a district court's rulings on a motion to substitute counsel and on a request for a continuance." United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004) (citation omitted).

"An essential element of the Sixth Amendment's protection of right to counsel is that a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing." United States v. Gallop, 838 F.2d 105, 107 (4th Cir. 1988) (citations omitted). However, a defendant's right to counsel of his choosing is not unlimited, and "'[s]uch right must not obstruct the orderly judicial procedure and deprive courts of the exercise of their inherent power to control the

2

administration of justice.'" United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994) (quoting Gallop, 838 F.2d at 108). In determining whether a defendant's motion for a continuance to obtain new counsel should be granted, a district court should consider: "(1) the timeliness of his [motion]; (2) the adequacy of the court's inquiry into his complaint about counsel; and (3) whether [the defendant] and his counsel experienced a total lack of communication preventing an adequate defense." Reevey, 364 F.3d at 156-57 (internal quotation marks and citations omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in denying Darcy's motion for a continuance to obtain new counsel.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED